Reese, J.
delivered the opinion of the court.
Lacy, Burris and Sharp were summoned to appear before the circuit court in the town of Jacksborough, to give evidence on behalf of the State against Hugh and John Montgomery and J. Hays. These witnesses did not appear, and a joint judgment nisi Was rendered against each of them for the sum of 1250. On this judgment a joint scire facias was issued against them for the purpose of having executions against them each for the said sum of $250. This writ was served on defendant Lacy, and returned not found as to the others.
Lacy filed his demurrer to the scire facias. This demurrer was sustained by the circuit court, from which judgment the State appealed in error.
Unquestionably the joint judgment against the witnesses was irregular, and the issuance of a joint scire facias was still more irregular. But without deciding whether or not the demurrer should have been sustained on the ground of the irregularity of the judgment and the scire facias, we are satisfied that it was pro *227 perly sustained upon the ground, that the scire facias does not show by any direct averment as to the time of the service of the subpoena, and of the time of the trial, that the defendant was bound by the subpoena to attend at that time. The scire facias alledges that the defendant was “heretofore,” that is, before the issuance of scire facias, summoned, and that the trial took place at the May term of the court, without stating in what year, and that the witnesses afores aid, being called, made default. Surely this statement of the service of the process, of the time of the trial and of the existing liability and duty of said witness, is loo vague. There should have been such a statement of the facts as would have shown directly, and not by mere inference only, the legal liability of the defendant.
The demurrer must, therefore, be sustained, and the judgment affirmed.
InTotjs — 1. As to compelling; attendance of witnesses by recognizance and by subpoana. See act of 1715, ch. 16, sec. 1, N. & C. 426: 1794, ch. 1, sec. 33, N. & C. 712: 1 Starkie 76, 1 Ch. Cr. L. 608, 90, 91: 3 Blackstone 369.
2. As to the remedies by action and attachment against witnesses, who have failed to obey subpcena, or appear according to recognizance, see same authorities. Also Bacon’s Ab. Tit. Evidence, letter D. for the statute of 5th Elizabeth; 2 Dallas, 333.
3. Defence by a witness.
1. A witness duly summoned to attend, is bound to make extraordinary efforts to obey the writ; nothing but extreme poverty and utter inability to attend: or sickness of himself or family conclusively proved, will excuse his non-attendance. The People vs. Davis, 15 Wend. 602.
2. It is a good defence for a witness, against whom a forfeiture has been taken, that the party who subpoenaed him discharged him, or told him to attend or not, as he might find it convenient, but witness’ own affidavit is not evidence, 4 Yerger 473.
3. Compensation and remedy, therefor; See M. & Y. 38: 2 Yerg. 230, 323.